FILED
2014 Jul-21 AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**THERESA LYNN ALLEN,**

**Plaintiff,**

**v.**

**CAROLYN W. COLVIN,
Acting Commissioner of Social Security,**

**Defendant.**

**CIVIL ACTION NO.
2:12-cv-2933-AKK**

**MEMORANDUM OPINION**

Plaintiff Theresa Lynn Allen ("Allen") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

## I. Procedural History

Allen, whose past relevant experience includes work as a truck driver, filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on January 14, 2009, with an amended disability onset date of January 1, 2009, due to back problems, attention deficit hyperactivity disorder, and

emphysema. (R. 23, 168). After the SSA denied Allen's claim, she requested a hearing before an ALJ. (R. 23). The ALJ subsequently denied Allen's claim, (R. 20-33), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-4). Allen then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529

(quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**III. Statutory and Regulatory Framework**

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Allen had not engaged in substantial gainful activity since January 1, 2009, and, therefore, met Step One. (R. 25). Next, the ALJ found that Allen satisfied Step Two because she suffered from the severe impairments of "attention deficit hyperactivity disorder, amphetamine abuse, major depressive disorder, recurrent, moderate; anxiety disorder, NOS and borderline personality disorder." *Id*. The ALJ then proceeded to the next step and found that Allen failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." *Id.* Although the ALJ answered Step Three in the

negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Allen has the residual functional capacity (RFC) to perform

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she could lift 20 pounds occasionally and 10 pounds frequently, sit for 2 hours at a time out of an eight hour workday, stand for 2 hours at a time out of an eight hour workday, walk for 2 hours at a time out of an eight hour workday, handle and finger constantly, bilaterally; would have no more than moderate limitations in basic work activities such as understanding, remembering and carrying out simple instructions, use of judgment and responding appropriately to supervision, coworkers, and usual work situations, dealing with changes in a routine work setting, responding to customary work pressures and would miss no more than 1-2 days of work per month.

(R. 28). In light of her RFC, the ALJ held that Allen "is unable to perform any past relevant work." *Id.* Lastly, in Step Five, the ALJ considered Allen's age, education, work experience,[1] and RFC and determined "there are jobs that exist in significant numbers in the national economy [Allen] can perform." (R. 32). Therefore, the ALJ found that Allen "has not been under a disability, as defined in the Social Security Act, from January 1, 2009, through the date of this decision." (R. 33).

**V. Analysis**

The court now turns to Allen's contentions that the ALJ erred because he (1) did not give proper weight to the opinion provided by her treating therapist; and (2)

---

[1] As of the date of the ALJ's decision, Allen was 49 years old, had a limited education, and had past relevant medium semi-skilled work as a truck driver. (R. 31-32).

failed to recontact the therapist before rejecting her opinion. *See* doc. 8 at 6-9. The court addresses each contention in turn.

A. The ALJ properly considered the opinion of Allen's treating therapist.

Allen contends the ALJ improperly rejected the opinions of Emily Holm, Allen's therapist, who submitted a Supplemental Questionnaire indicating Allen had a "marked" impairment in maintaining social functioning, "marked" deficiencies of concentration, persistence or pace, and a "marked" impairment in her ability to understand, carry out, and remember instructions in a work setting. (R. 354). Because Ms. Holm is not an acceptable medical source, s*ee* 20 C.F.R. § 404.1513(a) (listing acceptable medical sources), her opinions are not medical source opinions. 20 C.F.R. § 404.1527(a)(2). Nonetheless, evidence from sources such as Ms. Holm may be used to show the severity of a claimant's impairment, 20 C.F.R. § 404.1513(d), and the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the . . . decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *See* SSR 06-03p at *6.

The record here shows that the ALJ properly considered Ms. Holm's opinion. In a nutshell, the ALJ discussed Ms. Holm's opinion in considering the evidence, (R. 27), and explained that it "is inconsistent with the other medical evidence in the file,

and is therefore given little weight, as she is a licensed counselor, rather than a licensed psychologist." (R. 31). Significantly, the other medical evidence, which includes a psychiatric evaluation from Dr. Dennis Smith, who the ALJ noted assessed a current GAF score of 50-55,[2] (R. 30, 212), supports the ALJ's decision. As the ALJ observed, Dr. Smith noted that Allen reported "her depression as 0/10, and stated that 'she really does not feel anxious outside of the stressors in her life,'" and that she "rated her attention deficit disorder as 5-6/10." (R. 31, 200). These treatment notes from Allen's treating psychiatrist contradict Ms. Holm's opinion, and provide substantial evidence to support the ALJ's decision to give Ms. Holm's supplemental questionnaire little weight. *See* 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5) (more weight is generally given to the opinion of a specialist); *Bloodworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) (The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion.").

[2] The Global Assessment of Functioning (GAF) Scale is used to report an individual's overall level of functioning. *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed., Text Revision). A GAF of 41-50 indicates: "**Serious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **or any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)." *Id.* at 34 (emphasis in original). A rating of 51-60 reflects: "**Moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers.)" *Id.* (emphasis in original).

Therefore, Allen's contention that the ALJ did not give Ms. Holm's opinion proper weight is without merit.

B. The ALJ was not required to recontact Ms. Holm.

Allen's secondary contention that the ALJ was required to recontact Ms. Holm before rejecting her opinion is unavailing because the regulations and Social Security Ruling she cites (20 C.F.R. §§ 404.1512(e), 416.912(e), and SSR96-5p) apply only to medical source opinions. Specifically the regulations provide in pertinent part: "When the evidence we receive from *your treating physician or psychologist or other medical source* is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision." 20 C.F.R. §§ 404.1512(e), 416.912(e) (2010) (emphasis added). Likewise, SSR 96-5p, which is entitled "*Medical Source Opinions* on Issues Reserved to the Commissioner," (emphasis added), provides a policy interpretation of the regulations relating to medical source opinions:

> The regulations at 20 CFR 404.1527(a) and 416.927(a) define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." The regulations recognize that treating sources are important sources of medical evidence and expert testimony, and that their opinions about the nature and severity of an individual's impairment(s) are entitled to special significance; sometimes the medical opinions of treating sources are entitled to controlling weight.

SSR 96-5p, 1996 WL 374183 at *2 (S.S.A.). Therefore, when the ruling states that "[f]or treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us," *Id.*, it is referring to 20 C.F.R. §§ 404.1512(e) and 416.912(e), which apply only to opinions from acceptable medical sources. In other words, because Ms. Holm is not an acceptable medical source, the ALJ was not required to recontact her before rejecting her opinions. Accordingly, the ALJ committed no reversible error.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Allen is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

DONE this 21st day of July, 2014.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE